IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARRIE R. CARROLL,                          No.  CIV.S-04-1333 DAD

      Plaintiff,

  v.                                        <u>ORDER</u>

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

Plaintiff Carrie Renee Carroll applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act").  (Transcript (Tr.) at 42-44.)  The Commissioner denied

1

plaintiff's application initially and on reconsideration.  (Tr. at 26-30, 36-39.)  Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on October 9, 2003, at which time plaintiff was represented by an attorney.  (Tr. at 188-208.)  In a decision issued on January 23, 2004, the ALJ determined that plaintiff was not disabled.  (Tr. at 9-18.)  The ALJ entered the following findings:

> 1. The claimant met the disability insured status requirements of the Act on September 15, 1999, the date the claimant stated she became unable to work, and continues to meet them through December 31, 2002.
>
> 2. The claimant has not engaged in substantial gainful activity since September 15, 1999.
>
> 3. The medical evidence establishes that the claimant has severe generalized epileptic seizure disorder, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4.
>
> 4. Neither the claimant nor the claimant's mother's testimony and reports of record are found to be credible for the reasons stated above.
>
> 5. The claimant has the residual functional capacity to perform work-related activities except for work involving working around dangerous machinery or unprotected heights. There are no other limitations (20 CFR §§ 404.1565 and 416.965).
>
> 6. The claimant's past relevant work as cashier/clerk, assistant manager and receptionist did not require the performance of work-related activities

2

      precluded by the above limitation(s)
      (20 CFR §§ 404.1565 and 416.965).

  7. The claimant's impairment does not prevent the claimant from performing her past relevant work.

  8. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(c) and 416.920(c)).

(Tr. at 17.) The Appeals Council declined review of the ALJ's decision on May 4, 2004. (Tr. at 4-6.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on July 6, 2004.

**LEGAL STANDARD**

  The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

  A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that

detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work?

1          If so, the claimant is not disabled.  If not, the
2          claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff advances essentially two arguments in her motion for summary judgment.  First, plaintiff asserts that the ALJ improperly discounted plaintiff's own testimony regarding the severity of her symptoms and the resulting limitations those symptoms place upon her.  Second, plaintiff argues that the ALJ should have taken testimony from a vocational expert at the administrative hearing.  The court addresses plaintiff's arguments below.

Beginning with plaintiff's first argument, it is well-established that the determination of credibility is a function of the ALJ, acting on behalf of the Commissioner.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  An ALJ's assessment of credibility should, in general, be given great weight.  Nyman v. Heckler, 779 F.2d 528, 530-31 (9th Cir. 1985).  Thus, questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner.  Morgan, 169 F.3d at 599.  In evaluating a claimant's subjective testimony regarding pain and the severity of his or her symptoms an ALJ may consider the presence or absence of supporting

5

1  objective medical evidence along with other factors.  See Bunnell v.
2  Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Smolen v.
3  Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).  Ordinary techniques of
4  credibility evaluation may be employed, and the adjudicator may take
5  into account prior inconsistent statements or a lack of candor by the
6  witness.  See Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).
7       Nonetheless, an ALJ's rejection of a claimant's testimony
8  must be supported by specific findings.  Morgan, 169 F.3d at 599;
9  Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993)(citing Miller,
10 770 F.2d at 848).  Once a claimant has presented evidence of an
11 underlying impairment, the ALJ may not discredit the claimant's
12 testimony as to the severity of his or her symptoms merely because
13 the testimony is unsupported by objective medical evidence.  Reddick
14 v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Chater, 119
15 F.3d 789, 792 (9th Cir. 1997).  Rather, "the ALJ can reject the
16 claimant's testimony about the severity of [his or] her symptoms only
17 by offering specific, clear and convincing reasons for doing so."
18 Light, 119 F.3d at 792.  See also Reddick, 157 F.3d at 722.
19      Here, plaintiff's medical records document a condition
20 which might reasonably be expected to cause the symptoms alleged by
21 plaintiff.  However, while plaintiff alleges that she is totally
22 unable to work due to the severity of her symptoms stemming from her
23 epilepsy, the ALJ made specific and detailed findings in not fully
24 crediting plaintiff's testimony in this regard.  For example, the ALJ
25 found that plaintiff's failure to take her medication as prescribed
26 damaged her credibility.  The ALJ's finding that plaintiff did not

consistently take her medication is supported by the record. (Tr. at 132, 126.) The Ninth Circuit has explained that a claimant's failure to follow a prescribed course of treatment without adequate explanation may cast doubt on the sincerity of the claimant's testimony. See Smolen, 80 F.3d at 1284; Bunnell, 947 F.2d at 346; Fair, 885 F.2d at 603.

The ALJ also found plaintiff less than credible due to the various inconsistent statements attributable to her set forth in the record. Plaintiff testified at the administrative hearing that she experienced "four to five" seizures per month. (Tr. at 192.) However, while there appears to be an occasional spike in plaintiff's seizure activity (see Tr. at 125, 174), her treatment records as a whole reflect that she suffers approximately one or two seizures per month (see Tr. at 134, 132, 130, 126, 124, 121, 128, 172, 173). Plaintiff also testified to taking her medication "every morning and night like the doctor has told me to." (Tr. at 198.) That statement, however, is also not supported by plaintiff's medical records which indicate that she often forgot to take her medication. (Tr. at 126, 132.)

Substantial evidence also supports the ALJ's observation that plaintiff both complained of more frequent seizures to her physician and expressed skepticism regarding the effectiveness of her medication regimen only after she was initially denied disability benefits. (Tr. at 174-77.) The notes prepared by plaintiff's treating physician prior to that denial typically reflect plaintiff's subjective complaints, for example, as "one seizure since last here"

(Tr. at 124); "had two noct[urnal] seizures" (Tr. at 121); and "two seizures since last here." (Tr. at 128.)  In contrast, the note made by plaintiff's physician following the initial denial of benefits in plaintiff's case tellingly contained the following complaint reported by plaintiff: "claims to have had 7 seizures since last here in 10/02.  Feels vagus nerve stimulator is of no benefit, and that drugs are not working.  Is seeking SSDI, and asks if I have documented all her [seizures] ...."  (Tr. at 174.)  The timing of these changes in the symptoms reported by plaintiff provide further support for the ALJ's specific findings with respect to plaintiff's credibility.

Finally, despite plaintiff's alleged disability onset date of September 15, 1999, and her claim that she has been experiencing seizures and taking medication for those seizures since she was five years old, the ALJ accurately noted the absence of any medical records submitted by plaintiff dated prior to April, 2001.

For these reasons the court finds that the ALJ fairly characterized the record and sufficiently stated specific, clear and convincing reasons for not fully crediting plaintiff's testimony regarding the severity of her symptoms.  See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).  Plaintiff's argument to the contrary must be rejected.[1]

---

[1] In her motion plaintiff also briefly contests the ALJ's treatment of the testimony of plaintiff's mother at the administrative hearing.  Plaintiff's mother testified very briefly at the administrative hearing.  (Tr. at 202-07.)  She essentially supported her daughter's testimony that, despite taking her medication as prescribed, plaintiff suffers from two to five seizures a month with a two to three day recovery period.  (Tr. at 204.)  In discussing the content of plaintiff's treatment notes regarding the

8

Plaintiff's other main argument is that the ALJ erred in not hearing testimony from a vocational expert regarding plaintiff's ability to perform her past work as a cashier/clerk, assistant manager and receptionist. However, the issue of whether vocational expert testimony is necessary does not arise until step five of the sequential analysis. Specifically, at that step, the Commissioner can satisfy the burden of showing that the claimant can perform other types of work in the national economy, given the claimant's age, education, and work experience, by either: (1) applying the medical-vocational guidelines ("grids") in appropriate circumstances; or (2) taking the testimony of a vocational expert. See Polny v. Bowen, 864 F.2d 661, 663 (9th Cir. 1988); Burkhart, 856 F.2d at 1340 (citing Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring)).

Here, the ALJ determined that plaintiff had the residual functional capacity to perform her past work. While testimony from a vocational expert could have been considered by the ALJ in determining whether plaintiff had the ability to perform her past relevant work, the ALJ was not required to call a vocational expert at the fourth step of the sequential evaluation. See Matthews, 10 F.3d at 681 ("In the instant case, since Matthews failed to show that

---

frequency and severity of her seizures; plaintiff's failure to follow the prescribed medical treatment; and the lack of treatment records covering the relevant time period, the ALJ also provided specific reasons for expressly disregarding the testimony of plaintiff's mother. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)("In all, the ALJ at least noted arguably germane reasons for dismissing the family members' testimony, even if he did not clearly link his determination to those reasons.").

he was unable to return to his previous job as a receiving clerk/inspector, the burden of proof remained with Matthews. The vocational expert's testimony was thus useful, but not required."). Plaintiff's argument that testimony from a vocational expert was required is therefore unpersuasive.

Finally, in her motion for summary judgment plaintiff briefly takes issue with the ALJ's treatment of the opinion of Steve McIntire, M.D., an examining physician who conducted a neurological evaluation of plaintiff. (Tr. at 141-44.) Plaintiff emphasizes that Dr. McIntire opined that plaintiff "would have significant functional limitations." (Tr. at 144.) However, as the ALJ accurately pointed out, that conclusion was based on Dr. McIntire "assuming that the reported frequency of seizure's is accurate[.]" (Id.) As noted above, substantial evidence supports the ALJ's determination that plaintiff's testimony regarding the frequency of her seizures was not accurate. Further, Dr. McIntire explained that he did not have plaintiff's medical records or any other diagnostic material to base an opinion upon, explaining that he had only "one brief clinic report" and that review of various diagnostic testing results would be "worthwhile." (Tr. at 143.) Accordingly, the court finds that the ALJ sufficiently articulated specific and legitimate reasons supported by substantial evidence in not fully crediting the opinion of Dr. McIntire. See Lester, 81 F.3d at 830-31 (explaining that ALJ cannot disregard testimony of examining physician without providing specific and legitimate reasons for doing so); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990) (same).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner of Social Security is affirmed.

DATED: August 30, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\carroll1333.order

11